UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AMICA CENTER FOR IMMIGRANT RIGHTS,<br><br>       Plaintiff,<br><br>   v.<br><br>IMMIGRATION AND CUSTOMS ENFORCEMENT,<br><br>       Defendant. | Civ. No. 25-3867 (APM) |

## **ANSWER**

Defendant, by and through undersigned counsel, respectfully submit the following Answer to Plaintiff's Complaint (the "Complaint') filed in this action arising under the Freedom of Information Act ("FOIA") (ECF No. 1).

To the extent the Complaint refers to or quotes from external documents, statutes, or other sources, Defendant may refer to such materials for their accurate and complete contents in response; however, Defendant's references are not intended to be, and should not be construed to be, an admission that the cited materials are: (a) correctly cited or quoted by Plaintiff; (b) relevant to this, or any other, action; or (c) admissible in this, or any other, action. Defendant expressly denies all allegations in the Complaint, including the relief sought, that are not specifically admitted to or otherwise qualified in this Answer. Defendant responds to the Complaint in like numbered paragraphs as follows:

## INTRODUCTION AND BACKGROUND[1]

1.      Paragraph 1 consists of Plaintiff's characterization regarding its FOIA request and the public interest to which no response is required. To the extent the allegations in this paragraph seek to provide background facts in support of allegations of public interest, Defendant admits there may be some public interest in the records sought but presently lacks knowledge or information sufficient to form a belief as to the existence or extent of any public interest, including as compared to any countervailing interests. To the extent the allegations in this paragraph are alleged for other purposes, they do not set forth claims of relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).

2.      Paragraph 2 consists of Plaintiff's characterization regarding its FOIA request and the public interest to which no response is required. To the extent the allegations in this paragraph seek to provide background facts in support of allegations of public interest, Defendant admits there may be some public interest in the records sought but presently lacks knowledge or information sufficient to form a belief as to the existence or extent of any public interest, including as compared to any countervailing interests. To the extent the allegations in this paragraph are alleged for other purposes, they do not set forth claims of relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).

---

[1]      For ease of reference, Defendant replicates the headings contained in the Complaint. Although Defendant believes that no response is required to such headings, to the extent a response is required and to the extent those headings and titles could be construed to contain factual allegations, those allegations are denied.

3.      Paragraph 3 consists of Plaintiff's characterization regarding its FOIA request and the public interest to which no response is required. To the extent the allegations in this paragraph seek to provide background facts in support of allegations of public interest, Defendant admits there may be some public interest in the records sought but presently lacks knowledge or information sufficient to form a belief as to the existence or extent of any public interest, including as compared to any countervailing interests. To the extent the allegations in this paragraph are alleged for other purposes, they do not set forth claims of relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).

4.      Paragraph 4 consists of Plaintiff's characterization regarding its FOIA request and the public interest to which no response is required. To the extent the allegations in this paragraph seek to provide background facts in support of allegations of public interest, Defendant admits there may be some public interest in the records sought but presently lacks knowledge or information sufficient to form a belief as to the existence or extent of any public interest, including as compared to any countervailing interests. To the extent the allegations in this paragraph are alleged for other purposes, they do not set forth claims of relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).

5.      Paragraph 5 consists of Plaintiff's characterization regarding its FOIA request and the public interest to which no response is required. To the extent the allegations in this paragraph seek to provide background facts in support of allegations of public interest, Defendant admits there may be some public interest in the records sought but presently lacks knowledge or information sufficient to form a belief as to the existence or extent of any public interest, including

as compared to any countervailing interests. To the extent the allegations in this paragraph are alleged for other purposes, they do not set forth claims of relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).

6.      Paragraph 6 consists of Plaintiff's characterization regarding its FOIA request and the public interest to which no response is required. To the extent the allegations in this paragraph seek to provide background facts in support of allegations of public interest, Defendant admits there may be some public interest in the records sought but presently lacks knowledge or information sufficient to form a belief as to the existence or extent of any public interest, including as compared to any countervailing interests. To the extent the allegations in this paragraph are alleged for other purposes, they do not set forth claims of relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).

7.      Paragraph 7 consists of Plaintiff's characterization regarding its FOIA request and the public interest to which no response is required. To the extent the allegations in this paragraph seek to provide background facts in support of allegations of public interest, Defendant admits there may be some public interest in the records sought but presently lacks knowledge or information sufficient to form a belief as to the existence or extent of any public interest, including as compared to any countervailing interests. To the extent the allegations in this paragraph are alleged for other purposes, they do not set forth claims of relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).

8.      Paragraph 8 consists of Plaintiff's characterization regarding its FOIA request and the public interest to which no response is required. To the extent the allegations in this paragraph seek to provide background facts in support of allegations of public interest, Defendant admits there may be some public interest in the records sought but presently lacks knowledge or information sufficient to form a belief as to the existence or extent of any public interest, including as compared to any countervailing interests. To the extent the allegations in this paragraph are alleged for other purposes, they do not set forth claims of relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).

9.      Paragraph 9 consists of Plaintiff's characterization regarding its FOIA request and the public interest to which no response is required. To the extent the allegations in this paragraph seek to provide background facts in support of allegations of public interest, Defendant admits there may be some public interest in the records sought but presently lacks knowledge or information sufficient to form a belief as to the existence or extent of any public interest, including as compared to any countervailing interests. To the extent the allegations in this paragraph are alleged for other purposes, they do not set forth claims of relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).

10.      Paragraph 10 consists of Plaintiff's characterization regarding its FOIA request and the public interest to which no response is required. To the extent the allegations in this paragraph seek to provide background facts in support of allegations of public interest, Defendant admits there may be some public interest in the records sought but presently lacks knowledge or information sufficient to form a belief as to the existence or extent of any public interest, including

as compared to any countervailing interests. To the extent the allegations in this paragraph are alleged for other purposes, they do not set forth claims of relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).

11.     Paragraph 11 consists of Plaintiff's characterization regarding its FOIA request and the public interest to which no response is required. To the extent the allegations in this paragraph seek to provide background facts in support of allegations of public interest, Defendant admits there may be some public interest in the records sought but presently lacks knowledge or information sufficient to form a belief as to the existence or extent of any public interest, including as compared to any countervailing interests. To the extent the allegations in this paragraph are alleged for other purposes, they do not set forth claims of relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).

12.     Paragraph 12 consists of Plaintiff's characterization regarding its FOIA request and the public interest to which no response is required. To the extent the allegations in this paragraph seek to provide background facts in support of allegations of public interest, Defendant admits there may be some public interest in the records sought but presently lacks knowledge or information sufficient to form a belief as to the existence or extent of any public interest, including as compared to any countervailing interests. To the extent the allegations in this paragraph are alleged for other purposes, they do not set forth claims of relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).

13.     Paragraph 13 consists of Plaintiff's characterization regarding its FOIA request and the public interest to which no response is required. To the extent the allegations in this paragraph seek to provide background facts in support of allegations of public interest, Defendant admits there may be some public interest in the records sought but presently lacks knowledge or information sufficient to form a belief as to the existence or extent of any public interest, including as compared to any countervailing interests. To the extent the allegations in this paragraph are alleged for other purposes, they do not set forth claims of relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).

14.     Paragraph 14 consists of Plaintiff's characterization regarding its FOIA request and the public interest to which no response is required. To the extent the allegations in this paragraph seek to provide background facts in support of allegations of public interest, Defendant admits there may be some public interest in the records sought but presently lacks knowledge or information sufficient to form a belief as to the existence or extent of any public interest, including as compared to any countervailing interests. To the extent the allegations in this paragraph are alleged for other purposes, they do not set forth claims of relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).

15.     Paragraph 15 consists of Plaintiff's characterization regarding its FOIA request and the public interest to which no response is required. To the extent the allegations in this paragraph seek to provide background facts in support of allegations of public interest, Defendant admits there may be some public interest in the records sought but presently lacks knowledge or information sufficient to form a belief as to the existence or extent of any public interest, including

as compared to any countervailing interests. To the extent the allegations in this paragraph are alleged for other purposes, they do not set forth claims of relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).

16.     Paragraph 16 consists of Plaintiff's characterization regarding its FOIA request and the public interest to which no response is required. To the extent the allegations in this paragraph seek to provide background facts in support of allegations of public interest, Defendant admits there may be some public interest in the records sought but presently lacks knowledge or information sufficient to form a belief as to the existence or extent of any public interest, including as compared to any countervailing interests. To the extent the allegations in this paragraph are alleged for other purposes, they do not set forth claims of relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).

17.     Paragraph 17 consists of Plaintiff's characterization regarding its FOIA request and the public interest to which no response is required. To the extent the allegations in this paragraph seek to provide background facts in support of allegations of public interest, Defendant admits there may be some public interest in the records sought but presently lacks knowledge or information sufficient to form a belief as to the existence or extent of any public interest, including as compared to any countervailing interests. To the extent the allegations in this paragraph are alleged for other purposes, they do not set forth claims of relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).

18.     Paragraph 18 consists of Plaintiff's characterization regarding its FOIA request and the public interest to which no response is required. To the extent the allegations in this paragraph seek to provide background facts in support of allegations of public interest, Defendant admits there may be some public interest in the records sought but presently lacks knowledge or information sufficient to form a belief as to the existence or extent of any public interest, including as compared to any countervailing interests. To the extent the allegations in this paragraph are alleged for other purposes, they do not set forth claims of relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).

19.     Paragraph 19 consists of Plaintiff's characterization regarding its FOIA request and the public interest to which no response is required. To the extent the allegations in this paragraph seek to provide background facts in support of allegations of public interest, Defendant admits there may be some public interest in the records sought but presently lacks knowledge or information sufficient to form a belief as to the existence or extent of any public interest, including as compared to any countervailing interests. To the extent the allegations in this paragraph are alleged for other purposes, they do not set forth claims of relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).

## JURISDICTION AND VENUE

20.     The allegations contained in Paragraph 20 consist of Plaintiff's conclusions of law regarding jurisdiction, to which no response is required.  To the extent a response is deemed required, Defendant denies.

21.     The allegations contained in Paragraph 21 consist of Plaintiff's conclusions of law regarding venue, to which no response is required.  To the extent a response is deemed required, Defendant denies.

22.     The allegations contained in Paragraph 22 consist of Plaintiff's conclusions of law regarding constructive exhaustion, to which no response is required.  To the extent a response is deemed required, Defendant denies.

23.     The allegations contained in Paragraph 23 consist of Plaintiff's conclusions of law regarding constructive exhaustion and jurisdiction, to which no response is required.  To the extent a response is deemed required, Defendant denies.

24.     The allegations contained in Paragraph 24 consist of Plaintiff's conclusions of law to which no response is required.  To the extent a response is deemed required, Defendant denies.

**PARTIES**

25.     Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 25.

26.     Defendant admits that it is an agency of the executive branch within the meaning of the FOIA, 5 U.S.C. § 552(f)(1). The remaining allegations contained in Paragraph 26 consist of conclusions of law to which no response is required.

27.     Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 25.

**FACTS**

28.     Defendant admits that it received a FOIA request from Plaintiff dated August 13, 2024, which was assigned the ICE FOIA number 2024-ICFO-51484, and that it granted Plaintiff a fee waiver. The remaining allegations of Paragraph 28 consist of Plaintiff's characterization of

its FOIA request and fee waiver request to which no response is required. Defendant respectfully refers the Court to Plaintiff's FOIA request and the fee waiver correspondence for a full and accurate statement of their contents and denies any allegations in this paragraph inconsistent therewith.

29.     Defendant admits that it received a FOIA request from Plaintiff dated August 13, 2024, which was assigned ICE FOIA number 2024-ICFO-51484, and that it granted Plaintiff a fee waiver. The remaining allegations of Paragraph 29 consist of Plaintiff's characterization of its FOIA request and fee waiver request to which no response is required. Defendant respectfully refers the Court to Plaintiff's FOIA request and the fee waiver correspondence for a full and accurate statement of their contents and denies any allegations in this paragraph inconsistent therewith.

30.     Paragraph 30 consists of Plaintiff's conclusions of law, to which no response is required. To the extent a response is required, Defendant avers that there may be additional materials related to ATD of noncitizens.

31.     ICE admits that it received email communications from Plaintiff on or about November 19, 2024, and October 10, 2025. The remaining allegations of Paragraph 31 consist of Plaintiff's characterization of the aforesaid emails to which no response is required. Defendant respectfully refers the Court to the cited email correspondence for a full and accurate statement of their contents and denies any allegations in this paragraph inconsistent therewith.

32.     Admitted.

33.     The allegations contained in Paragraph 33 consists of Plaintiff's conclusions of law to which no response is required. To the extent a response is deemed required, Defendant denies.

34.     The allegations contained in Paragraph 34 consists of Plaintiff's conclusions of law to which no response is required. To the extent a response is deemed required, Defendant denies.

35.     The allegations contained in Paragraph 35 consists of Plaintiff's conclusions of law to which no response is required. To the extent a response is deemed required, Defendant denies.

36.     The allegations contained in Paragraph 36 consists of Plaintiff's conclusions of law to which no response is required. To the extent a response is deemed required, Defendant denies.

37.     The allegations contained in Paragraph 37 consists of Plaintiff's conclusions of law to which no response is required. To the extent a response is deemed required, Defendant denies.

38.     The allegations contained in Paragraph 38 consists of Plaintiff's conclusions of law to which no response is required. To the extent a response is deemed required, Defendant denies.

39.     The allegations contained in Paragraph 39 consists of Plaintiff's conclusions of law to which no response is required. To the extent a response is deemed required, Defendant denies.

## CLAIMS FOR RELIEF

### COUNT ONE

40.     Defendant incorporates the above responses as if fully set forth herein.

41.     The allegations contained in Paragraph 41 consist of Plaintiff's conclusions of law to which no response is required. To the extent a response is deemed required, Defendant denies.

42.     The allegations contained in Paragraph 42 consist of Plaintiff's conclusions of law to which no response is required. To the extent a response is deemed required, Defendant denies.

### COUNT TWO

43.     Defendant incorporates the above responses as if fully set forth herein.

44.     The allegations contained in Paragraph 44 consists of Plaintiff's conclusions of law to which no response is required. To the extent a response is deemed required, Defendant denies.

45.    The allegations contained in Paragraph 45 consists of Plaintiff's conclusions of law to which no response is required. To the extent a response is deemed required, Defendant denies.

46.    The allegations contained in Paragraph 46 consists of Plaintiff's conclusions of law to which no response is required. To the extent a response is deemed required, Defendant denies.

47.    The allegations contained in Paragraph 47 consists of Plaintiff's conclusions of law to which no response is required. To the extent a response is deemed required, Defendant denies.

48.    The allegations contained in Paragraph 48 consists of Plaintiff's conclusions of law to which no response is required. To the extent a response is deemed required, Defendant denies.

49.    The allegations contained in Paragraph 49 consists of Plaintiff's conclusions of law to which no response is required. To the extent a response is deemed required, Defendant denies.

50.    The allegations contained in Paragraph 50 consists of Plaintiff's conclusions of law and requests for relief to which no response is required.  To the extent a response is deemed required, Defendant denies.

## <u>COUNT THREE</u>

### Wrongful withholding of non-exempt responsive records

51.    Defendant incorporates the above responses as if fully set forth herein.

52.    The allegations contained in Paragraph 52 consists of Plaintiff's conclusions of law to which no response is required. To the extent a response is deemed required, Defendant denies.

53.    The allegations contained in Paragraph 53 consists of Plaintiff's conclusions of law to which no response is required. To the extent a response is deemed required, Defendant denies.

54.    The allegations contained in Paragraph 54 consists of Plaintiff's conclusions of law to which no response is required. To the extent a response is deemed required, Defendant denies.

55.     The allegations contained in Paragraph 55 consists of Plaintiff's conclusions of law to which no response is required. To the extent a response is deemed required, Defendant denies.

56.     The allegations contained in Paragraph 56 consists of Plaintiff's conclusions of law and requests for relief to which no response is required.  To the extent a response is deemed required, Defendant denies.

<u>**PRAYER FOR RELIEF**</u>

The remaining unnumbered paragraphs, including subparts, consist of Plaintiff's prayer for relief, to which no response is required. To the extent a response is deemed required, Defendants deny that Plaintiff is entitled to the relief requested, or to any relief whatsoever.

<u>**DEFENSES**</u>

Defendant denies all allegations in the Complaint which it has not otherwise specifically admitted or denied here.

**FIRST DEFENSE**

Defendant is entitled to invoke all exemptions and other defenses available under the FOIA and the Privacy Act.

**SECOND DEFENSE**

Plaintiff is not entitled to compel the production of responsive records protected from disclosure by any applicable FOIA exemptions or exclusions 5 U.S.C. § 552, or the Privacy Act, 5 U.S.C. § 552a.

**THIRD DEFENSE**

The Court lacks subject matter jurisdiction over Plaintiff's request for relief that exceed the relief authorized under the FOIA.

**FOURTH DEFENSE**

Plaintiff is neither eligible nor entitled to attorneys' fees or costs.

**FIFTH DEFENSE**

Plaintiff's FOIA request does not reasonably describe the records sought, and therefore does not comply with the FOIA and/or does not trigger a search or production obligation.

**SIXTH DEFENSE**

To the extent the Complaint alleges background facts unnecessary to the consideration of Defendant's response to the FOIA request at issue, the Complaint violates Rule 8(a)(2) by alleging information that is unnecessary to a "short and plain" statement of the claim.  The Court should strike all such immaterial and impertinent matters pursuant to Rule 12(f).  See *Mich. Immigr. Rts. Ctr. v. Dep't of Homeland Sec.*, Civ. A. No. 16-14192, 2017 WL 2471277, at *3 (E.D. Mich. June 8, 2017) (deeming stricken under Rule 12(f) background facts alleged in a FOIA complaint: "In this unique context, requiring Defendants to answer allegations in Plaintiffs' complaint that they would not otherwise be required to answer, and that are not material to Plaintiffs' FOIA claim, would prejudice Defendants."); *Robert v. Dep't of Just.*, Civ. A. No. 05-2543, 2005 WL 3371480, at *11 (E.D.N.Y. Dec. 12, 2005) (striking allegations of background facts; concluding that plaintiff's "allegations are irrelevant to the validity of [his] FOIA claims").


Dated: January 12, 2026

                                              Respectfully submitted,

                                              JEANINE FERRIS PIRRO
                                              United States Attorney

By: /s/ *Fithawi Berhane*
      FITHAWI BERANE
      Assistant United States Attorney
      601 D Street, NW
      Washington, DC 20530
      (202) 252-6653

      *Attorneys for the United States of America*